IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GLEN KEVIN OWENS | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv241 |
| MISHA FATIMA SYED, ET AL. | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff Glen Kevin Owens, an inmate confined at the Stiles Unit in Beaumont, Texas, proceeding *pro se*, brings this civil rights complaint against defendants Misha Fatima Syed and Alec Lee Amram, both employed as doctors at the University of Texas Medical Branch in Galveston, Texas,

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Factual Background</u>

Plaintiff complains the defendants denied him adequate medical treatment concerning laser surgery he received on his eye.

<u>Analysis</u>

Venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff complains of treatment received at the University of Texas Medical Branch located in Galveston County, Texas. Further, the defendants are both located in Galveston County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case are the above-listed counties. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Galveston County is located in the Galveston Division of the United States District Court for the Southern District of Texas. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The claims in this action should be transferred to the Southern District of Texas. An appropriate order so providing will be entered by the undersigned.

SIGNED this 11th day of June, 2019.

_____
Zack Hawthorn
United States Magistrate Judge